In the matter of the Estate of Theophilus Metcalf.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1875.

*Harris and Judd, J. J.*

IN THE MATTER OF THE ESTATE OF THEOPHILUS METCALF, DECEASED.

MATTERS of law which have been decided by a judge in probate cannot be tried by a jury on appeal.

A motion is made for a trial by jury in the following affidavit:

"And now at this day come Helen Roland and Julia Prosser, two of the respondents and the appellants herein, and state that the value of the estate of the said Theophilus Metcalf, deceased, exceeds $500; that they claim interest therein by virtue of the will of the said deceased; that they feel aggrieved by the decision of the Probate Court of this kingdom, made herein at Chambers on the 13th day of November, 1874, on the hearing of the petition of C. H. Lewers, administrator, dated the 11th day of November, 1874; that there are issues of fact herein which require the verdict of a jury, and they therefore respectfully move the Court that the following issues of fact may be tried by jury according to the provisions of the Act of the 31st day of December, 1864; to wit:

"1. Have the several alleged claims under promissory notes and interest thereon, in the said petition of the said C. H. Lewers, alleged, been barred by the statute of limitations?

"2. Were the alleged debts or claims of $10,244.46 to H. Hackfeld & Co., and $1,331 to H. A. Widemann, contracted by the testator, Theophilus Metcalf, deceased, or were they

authorized by him, and are the same just and valid claims against the said estate ?

"3. What moneys should the said C. H. Lewers, the administrator, be charged with as having been received by him as administrator of this estate, or which he might have received without his own willful default ?

"4. Was the said C. H. Lewers entitled to be allowed the sum of $800 for compensation and $200 for costs, or any part thereof, and if so, how much ?

"5. Is the said C. H. Lewers authorized to pay the said several amounts for which he claims credit in his accounts as debts of the estate of the said Theophilus Metcalf, deceased ?

"Dated this 4th day of January, A. D. 1875.

"JULIA PROSSER,

"HELEN ROLAND.

"Subscribed and sworn to by the above named appellant Julia Prosser on her own behalf and of her co-appellant the said Helen Roland at Honolulu, in the island of Oahu, one of the Hawaiian Islands, on Monday the 4th day of January, A. D. 1875.

"Before me,                                    "JULIA PROSSER.

"WALTER R. SEAL, Clerk."

The law applicable to the case, first to be noticed, is the 1241st Section of the Civil Code, which reads as follows :

"Matters of probate and of administration, shall be heard and determined by the judge or court having jurisdiction thereof, without the intervention of a jury."

This law was modified by the Act passed 31st day of December, 1864, entitled an "Act to authorize the trying of issues of fact in matters of probate and administration by a jury." The preamble and the first section, which are the only parts of the Act applicable to this motion, read as follows:

"Whereas, the 1241st Section of the Civil Code has been

held not to permit an appeal to a jury, on the validity of any will, or testamentary devise, or any facts touching the descent of property, when such will or testamentary devise is a matter of investigation in probate; therefore, be it enacted by the King and the Legislative Assembly of the Hawaiian Islands in the Legislature of the kingdom assembled:

"Section 1. That from and after the date of the passage of this Act, whenever the value of the estate of any deceased person shall exceed five hundred dollars, any person claiming, before any judge, sitting as a Court of Probate, such estate, or any part thereof, or any interest therein, by virtue of any will or testamentary devise, or by virtue of the statutes of descent of property in this kingdom, who may deem himself aggrieved by the decision of such probate judge at Chambers, may, upon taking his appeal to the Circuit Court or Supreme Court, if any matter of fact is in issue, move the Appellate Court that the issue of fact may be tried by a jury, and his motion shall not be denied."

The Section 1241 of the Civil Code, therefore, remains in full force, except so far as the last cited Act has modified it, and this Act only applies to the "validity of a will or testamentary devise, or facts touching the descent of property," for instance lineage, adoption, or the like. This was the intention of the Act. It has never been held or supposed to have any other application, and the settlement of estates would be interminable if every order of a judge in the progress of administration might be appealed to a jury, by every one who may think they had an interest in the estate, or by every one, who, having an interest in the estate, might see fit, when prompted by a litigious spirit, or by ill temper generally, to take an appeal to a jury. By examining the affidavit it is apparent that there is no fact at issue regarding the validity of the will of Mr. Metcalf, or regarding the descent of the property, and on this ground alone, if this were only one, the motion must be denied. But by reading

over the allegations of the issue of facts in the affidavit, it will be found that not one of them contains any allegation of a fact upon which a jury can be called to give a verdict:

1st. It has already been admitted that the facts being as they are, and undisputably so, the promissory notes in question (as a matter of law) are not barred by the statute of limitations.

2d. That the sums mentioned in the second allegation (the amounts being undisputed) were, as a matter of law, authorized by the will of Mr. Metcalf, and are "just and valid claims against the estate."

3d. It is a matter of law what moneys the administrators should be charged with—the amounts received being unquestioned—and he has been charged with all the law allows, and therefore there is no matter for the jury on this allegation.

4th. The statute fixes the amount of recompense to be received by the administrators, or gives to the judge and not to the jury the authority to adjudge the amount.

5th. A court of competent jurisdiction has already adjudged that the administrator was authorized to pay all the amounts for which he claims credit, and in point of fact directed him to pay them. This has been done as a matter of law. All the facts as regards amounts and circumstances of payment being undisputed and undisputable.

W. C. Jones and E. T. O'Halloran for the motion.

A. S. Hartwell for the administrator, contra.

Honolulu, January, 1875.