## IN THE MATTER OF THE ESTATE OF J. F. O. BANNING.

### APPEAL FROM WHITING, JUDGE.

### HEARING, SEPTEMBER 19, 1893. DECISION, OCTOBER 3, 1893.

### JUDD, C.J., BICKERTON AND FREAR, JJ.

The case of T. Metcalf, 3 Haw., 614, followed, holding that an appeal lies to a jury in probate matters only upon issues touching the validity of a will or the descent of property.

OPINION OF THE COURT, BY FREAR, J.

In February, 1893, a Judge of the Circuit Court of the First Circuit, sitting in probate, allowed the accounts of the administrator, with the will annexed, of the estate of the decedent, and ordered a distribution of the estate, and a discharge of the administrator, upon his delivering to Mrs. C. H. Banning and Mr. B. B. Banning, the legatees named in the will, each one-half of the estate remaining in his hands, and filing receipts for the same—which was accordingly done. Afterwards the legatees filed a petition, alleging that the order of distribution and discharge was made under a mistake as to the estate given Mrs. Banning by the will (which provided that only the income of one-half of the estate should be paid to her during her life), and that the receipts, which, it is claimed, cover certain unsafe investments made by the administrator, were obtained by him through misrepresentation, concealment, and undue influence, and that the administrator had not filed full accounts, and praying that the order of allowance of accounts and discharge be revoked, and that the administrator be required forthwith to file his accounts in full. The order was revoked on the

ground of mistake, and the administrator was ordered to file his accounts, but the Judge found that there had been no undue influence, misrepresentation or concealment, and ordered that in making his accounts, the administrator might credit himself with what he had paid to Mr. Banning, holding that he, Mr. Banning, was estopped from saying that he had not selected and accepted the monies and securities represented by his receipt. Mr. Banning then appealed to the Circuit Court and there moved that the issues of undue influence, misrepresentation, concealment and estoppel be tried by a jury. The Court denied the motion, ruling that the appeal was not well taken, on the grounds that the order appealed from was only interlocutory, and that the issues were not such as entitled the appellant to a trial by jury under the provisions of the Act of 1864, "To Authorize the Trying of Issues of Fact in Matters of Probate and Administration by a Jury." The case comes to as upon exceptions to this ruling of the Circuit Court.

Whether the issues in this case are such as entitle the appellant to a trial by jury, depends upon whether the Act of 1864 allows a trial by jury of any issue of fact or only of issues touching the validity of a will or the descent of property. Prior to the enactment of this Act, all matters of probate and administration were heard and determined, whether in the first instance or on appeal, without the intervention of a jury. (Civil Code, Sec. 1241.) *In the matter of the Estate of T. Metcalf*, 3 Haw. 614, the Court said, after quoting the preamble and first section of the Act of 1864, which need not be repeated here : "The Section 1241 of the Civil Code, therefore, remains in full force, except so far as the last cited Act has modified it, and this Act only applies to the 'validity of a will or testamentary devise, or facts, touching the descent of property,' for instance lineage, adoption, or the like. This was the intention of the Act. It has never been held or supposed to have any other application, and the settlement of estates would be interminable if every order of a Judge in the progress of administration

might be appealed to a jury by every one who may think they had an interest in the estate, or by every one, who, having an interest in the estate, might see fit, when prompted by a litigious spirit, or by ill temper generally, to take an appeal to a jury. By examining the affidavit it is apparent that there is no fact at issue regarding the validity of the will of Mr. Metcalf or the descent of the property, and on this ground alone, if this were only one, the motion must be denied. But by reading over the allegations of the issue of facts in the affidavit, it will be found that not one of them contains any allegation of a fact upon which a jury can be called to give a verdict."

It is contended, however, that so much of this opinion as relates to the construction of the Act of 1864, limiting the right of trial by jury in probate matters to issues touching the validity of a will or the descent of property, was a mere *obiter dictum*, inasmuch as the court was not obliged to decide that point, since it held that the issues raised were not issues of fact at all, but issues of law. There is considerable difference of opinion as to what are and what are not *obiter dicta*, and as to what weight and respect should be given to former opinions of a court in general. On principle it would seem that an opinion expressed after due consideration upon a point closely connected with, or apparently though not necessarily in fact involved in a case, should be respected more than an opinion expressed after but little consideration upon a point clearly in issue. On the other hand, a decision given with or without full consideration upon a point actually in issue, may be and often is reversed by a subsequent decision, if believed to be erroneous. It is of great importance that the law should be decided correctly, but it is perhaps equally important that the law should be certain.

In the Metcalf case, as it seems to us, the question now raised was properly passed upon by the Court. In that case two questions were raised, (1) did the law limit trial by jury in probate matters to certain issues of fact, and (2), were the

issues raised issues of law? A decision of either of these questions in the affirmative would have disposed of the case ; a decision of either in the negative would have made necessary a decision of the other. Which question then can be said to have been necessarily involved in the case, and which not? The Court decided both questions in the affirm- ative, and might have rested the case on a decision of either without touching the other. The opinion on which question then was *obiter dictum?*

The decision in the Metcalf case was upon a doubtful point, the attention of the Court was evidently directed to the question as one properly raised in the case, the opinion was expressed apparently after due deliberation, and the construction put upon the statute has long been acquiesced in, and does not appear to be contrary to the policy of the law. Formerly, jury trials were not allowed by our laws upon any issues in probate matters, and in other jurisdictions such trials, if not confined to the issue of *devisavit vel non*, have, as a rule, been allowed, not as a matter of right, but only upon such issues as the probate judge, in his discretion, thought proper to send to a jury. See *Bradstreet vs. Bradstreet*, 64 Me., 209, and cases there cited. The Circuit Judge would not, as contended by counsel, be left sole arbiter of the issues of fact. Under Chapter CIX. of the Laws of 1892, an appeal still lies in probate matters to the Supreme Court on questions of fact as well as of law, except in cases in which an appeal lies to a jury.

In view of the foregoing, we do not feel that we can con- sider this question as if now raised for the first time, and we do not find sufficient reason for reversing the former opinion of the Court. It may be added that the majority of the Court are also of the opinion that the statute was rightly construed in the Metcalf case.

It is unnecessary for us to say whether the order appealed from is interlocutory or final.

The exceptions are dismissed.

*A. S. Hartwell* and *W. A. Kinney*, for the petitioner.

*F. M. Hatch*, for the administrator.